Filed 8/24/21  P. v. Gardiner CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID GARDINER,<br><br>    Defendant and Appellant. | B303948<br><br>(Los Angeles County<br>Super. Ct. No. BA347305) |

APPEAL from an order of the Superior Court of Los Angeles County.  Renee F. Korn, Judge.  Reversed and remanded.

Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Peggy Z. Huang and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

_____

While David Gardiner (appellant) was involved in the attempted robbery of a marijuana dispensary, a fellow robber killed a security guard. Appellant pleaded guilty to first degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a))[1] and admitted that a principal personally and intentionally discharged a firearm (§ 12022.53, subds. (c) & (e)(1)). He did not, however, admit the special circumstance allegation under section 190.2, subdivision (a)(17)(A) that the murder was committed while he was engaged in, or was an accomplice in, the attempted commission of a robbery, and that he was eligible for the death penalty or life without the possibility of parole as specified in section 190.2, subdivision (d). The trial court sentenced him to 45 years to life in prison.

Subsequently, appellant petitioned for resentencing under section 1170.95. The trial court denied the petition after finding that appellant was a major participant in the robbery who acted with reckless indifference to human life. Appellant challenges that decision, and the People concede error. We reverse and remand for the trial court to issue an order to show cause and proceed to an evidentiary hearing pursuant to section 1170.95, subdivision (d) unless the parties stipulate that appellant is eligible to have his murder conviction vacated and be resentenced.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

## FACTS

**Record of Conviction**

In an information filed on November 15, 2010, appellant and codefendant Brandon Daniels (Daniels) were charged with murder (§ 187, subd. (a)), attempted robbery (§§ 664, 211), and burglary (§ 459). In connection with the murder count, the information alleged a special circumstance under section 190.2, subdivision (a)(17).

At the preliminary hearing, the evidence showed that on October 1, 2008, multiple men attempted to rob the L.A. Collective, a marijuana dispensary. An employee named Martin was at the reception desk when he heard a ruckus at the front door and looked at a monitor. He saw two of the robbers with guns holding the security guard, Noe Gonzalez, hostage in the waiting area. Martin and the owner of the dispensary moved toward the back of the office area and Martin heard a door crash open. Leon Banks (Banks) pointed a gun at Martin and took him and the owner to the main dispensary area. As Banks was trying to restrain Martin on the floor with zip ties, Martin heard a gunshot. Banks said that it was time to go and ran through the door of the waiting area. Martin stood up and looked at the monitors and saw three perpetrators pushing outward on the front security door and shooting out the door's metal flap.

A different employee, Matthew, told the police that he was working at the upstairs dispensary bar when a man with a handgun approached and asked, among other things, where the "stuff was." Matthew answered. A few moments later, Matthew heard a gunshot. The armed man went downstairs. Subsequently, Matthew heard a loud noise and then more gunshots.

A witness named James was in a coffee shop across the street from the dispensary at 3:40 p.m. He looked out the window and saw a fight between Gonzalez and another man. James heard a gunshot. The two individuals paused for a moment and the other man ran inside the dispensary. Gonzalez tried to hold the door shut. James heard some more shots and saw the door being pushed open. Gonzalez fell on his knees. Banks and two others came out of the store, and Banks had a gun in his left hand. He shot Gonzalez in the head. Banks and his companions ran northbound on La Brea and then eastbound on 8th Street.

A detective interviewed Daniels. He said he rode to the marijuana dispensary in a vehicle driven by Troy Matthews (Matthews) to "score some weed." Daniels went inside with Banks, who had a gun, and Daniels went upstairs. He went back downstairs when he heard a gunshot and ran to the front door where he had to push to get out. He ran up to 8th Street and got into Matthews's car.

Following his arrest, appellant told a detective that he was riding in Bank's vehicle and Matthews was driving. When they arrived at the dispensary, appellant armed himself with a gun and "they" surprised Gonzalez and entered the location. Banks and Daniels left appellant with Gonzalez. Though appellant had a gun, Gonzalez fought back and the two of them wrestled out the door and onto the sidewalk. Appellant's gun fired but no one was shot. In the melee, Gonzalez ended up with the gun. Appellant ran back inside the dispensary, and Daniels and Banks ran toward him. Appellant heard a shot and he moved toward the back of the dispensary. He heard more gunshots and saw Daniels and Banks pushing on the door. Appellant joined them

4

in pushing the door open.  Then he fled with Daniels and Banks and got into the vehicle driven by Matthews.

Appellant and Daniels admitted to being members of the Rolling 30's gang.

**The Petition**

On March 25, 2019, appellant filed a form petition for resentencing pursuant to section 1170.95 and checked boxes to indicate:  he pled guilty to murder because he believed he could have been convicted of murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine; he was convicted of first degree murder but was not the actual killer, did not aid or abet the actual killer with the intent to kill, and was not a major participant in the felony or did not act with reckless indifference to human life.  The trial court appointed counsel.  Subsequently, the prosecution filed an opposition and appellant filed a reply as well as a supplemental reply.

The trial court denied appellant's petition.  It found that appellant failed to make a prima facie showing of eligibility because the facts in the case showed he was a major participant in the armed robbery and murder, and he demonstrated a reckless indifference to human life.  In reaching this conclusion, the trial court relied on some of the facts stated in *People v. Banks* (2015) 61 Cal.4th 788, *People v. Banks* (Aug. 29, 2013, B236152) [nonpub. opn.], and *People v. Daniels* (Sept. 29, 2014, B249088) [nonpub. opn.].

This appeal followed.

## DISCUSSION

### I.  Standard of Review.

Because this case involves the application of law to undisputed facts, our review is de novo.  (*People v. Blackburn*

5

(2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

**II. Section 1170.95.**

A defendant can seek resentencing if: the complaint, information, or indictment allowed the prosecution to proceed against the defendant under a theory of felony-murder or murder under the natural and probable consequences doctrine; the defendant accepted a plea offer in lieu of a trial at which he or she could be convicted of first or second degree murder; and the defendant could not now be convicted of first or second degree murder because of changes to sections 188 or 189 made effective January 1, 2019. (§ 1170.95, subd. (a).)

The changes to our murder law modified the law related to accomplice liability. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1098–1099, review granted Nov. 13, 2019, S258175.) A principal cannot be convicted of murder unless he or she acted with malice aforethought, except as otherwise specified in section 189. (§ 188, subd. (a)(3).) A participant in a felony listed in section 189, subdivision (a) in which death occurs is liable for murder only if the person was the actual killer, the person aided and abetted first degree murder with the intent to kill, or the person was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e).)

When a defendant files a petition for resentencing, the trial court "shall review the petition to determine if the petitioner has made a prima facie showing that the [defendant] falls within the provisions of this section. If the [defendant] has requested counsel, the [trial court] shall appoint counsel to represent the [defendant]. The prosecutor shall file and serve a response within 60 days of service of the petition and the [defendant] may

6

file and serve a reply within 30 days after the prosecutor response is served. . . .  If the [defendant] makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause" (§ 1170.95, subd. (c)) and proceed to an evidentiary hearing under section 1170.95, subdivision (d) unless the parties stipulate that the defendant is eligible to have his or her murder conviction vacated and be resentenced.  In *People v. Lewis* (July 26, 2021, S260598) ___ Cal.5th ___ [2021 Cal.LEXIS 5258], our Supreme Court interpreted the foregoing language and determined that the trial court must appoint counsel if the defendant files a facially sufficient petition.  After the appointment of counsel and an opportunity for briefing, the trial court may consider the record of conviction to determine whether the defendant has made a prima facie showing.  (*Id*. at pp. *2–*3.)

Case law establishes that the record of conviction includes trial court documents and a reviewing court's opinion in an appeal from the judgment.  (*People v. Woodell* (1998) 17 Cal.4th 448, 454.)  The authority "to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, [subdivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the [defendant] showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980.)

**III.  Analysis.**

Appellant's record of conviction did not establish that he was ineligible for relief under section 1170.95 as a matter of law because he entered his plea but did not admit that he was a

major participant or that he acted with reckless indifference to human life. Appellant contends, the trial court improperly weighed the evidence and made factual findings on those topics. Also, the trial court improperly relied on facts stated in appellate opinions pertaining to Banks and Daniels even though those opinions are not part of appellant's record of conviction. The Attorney General agrees that the trial court erred in finding appellant ineligible as a matter of law.

The trial court erred when it failed to issue an order to show cause and set an evidentiary hearing pursuant to section 1170.95, subdivision (d).

## DISPOSITION

The order denying appellant's petition is reversed. The matter is remanded for the trial court to issue an order to show cause and proceed to an evidentiary hearing under section 1170.95, subdivision (d) unless the parties stipulate that appellant is eligible to have his murder conviction vacated and be resentenced.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

8